UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MEGAN NORDYKE and LILIANNA GODINEZ, § § § | |
| *Plaintiffs,* § § | Civil Action No. 3:22-CV-1183-X |
| v. § § | |
| CITY OF DALLAS; DALLAS COUNTY; and DALLAS COUNTY SHERIFF'S OFFICE, § § § § | |
| *Defendants.* § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Dallas County Sheriff's Office's ("DCSO") motion to dismiss for failure to state a claim under Rule 12(b)(6) [Doc. No. 10], Defendant Dallas County's ("the County") motion to dismiss for failure to state a claim under Rule 12(b)(6) [Doc. No. 19], and Defendant City of Dallas's ("the City") motion to dismiss for failure to state a claim under Rule 12(b)(6). [Doc. No. 20]. Because Plaintiffs' claims against the City of Dallas are barred by res judicata, the Court **DISMISSES** all claims against the City of Dallas. Because the DCSO is not a separate legal entity subject to suit, the Court **DISMISSES** all claims against the DCSO. For the reasons explained below, the Court **GRANTS** Dallas County's motion to dismiss. However, Plaintiffs have twenty-eight days to file an amended complaint curing the deficiencies outlined in this order as to the County.

1

## I. Factual Background

Plaintiffs bring claims under Section 1983[1] and Texas law action arising from alleged deprivations of Plaintiffs' constitutional rights during a protest following George Floyd's death. On May 30, 2020, Megan Nordyke attended protests throughout Dallas as a legal observer to ensure that various governmental entities did not infringe the protestors' rights. However, while outside of Dallas City Hall, Nordyke decided to partake in the protests herself.[2] She wielded a sign that read on one side, "I am not the only LAWYER here" and, on the other, "The eyes of JUSTICE are watching."[3] As she marched through the streets of Dallas, flashing her sign at various Dallas Police Department ("DPD") officers, she noticed that a large DPD van had begun to make its way into the middle of the protestors. Nordyke alleges that this movement by the DPD was an intentional action to provoke an encounter that could serve as a pretext for arrests. As Nordyke continued to protest next to the DPD officers who exited the police van, the officers began to use riot shields to push back the protestors and began to fire pepper bullets into the crowd and at Nordyke's feet. After retreating to the city hall, Nordyke took a seat on the steps, and, after some time, a DPD officer arrested her for allegedly refusing to "get out of the way."[4] Around this time, DPD officers also arrested Lilianna Godinez, allegedly without probable cause.

---

[1] 42 U.S.C. § 1983.
[2] *Cf.* Texas A&M University, 12th Man, *at* https://www.tamu.edu/traditions/gameday/12th-man/index.html (last visited Jan. 25, 2023).
[3] Doc. No. 1 at 6.
[4] *Id.* at 8.

2

After both were placed in a paddy wagon, Nordyke and Godinez allege that they began to accrue major injuries as they were denied "basic human needs" while sitting in a "hot, dark, and cramped paddy wagon[]" without any "precautions to protect [them] from transmission of COVID-19."[5] Plaintiffs allege that they suffered dehydration after being denied water by the officers. Later at the Dallas County Jail, Plaintiffs allege that the officers continued to deprive them of their basic human needs and ridiculed them for asking for help.

Plaintiffs bring six causes of action. First, as to the City of Dallas, under 42 U.S.C. § 1983, they allege that the City failed to adopt policies and training regarding the appropriate use of force against protestors, use of "chemical weapons," and mass arrest procedures.[6] Second, they allege that the City, under Section 1983, maliciously prosecuted and unlawfully arrested Plaintiffs. Third, as to all Defendants, under Section 1983, they allege that the defendants denied basic human needs to Plaintiffs. Fourth, they allege that the City, under Section 1983, failed to discipline subordinate officials. Fifth, they allege that the City, under Section 1983, deprived Plaintiffs of their First Amendment rights. Sixth, as to the City, under the Texas Civil Practice and Remedies Code section 101.025(a), that it is liable under tort law.

Each Defendant moved to dismiss the complaint in its entirety. The DCSO moved to dismiss the complaint under Rule 12(b)(6), arguing that it is not a jural entity subject to suit because it does not have a separate and distinct legal existence

---

[5] *Id.* at 9.
[6] Doc. No. 1 at 15.

apart from the County. The City moved to dismiss the complaint under Rule 12(b)(6), arguing both that Plaintiffs failed to plead a claim upon which relief can be granted and that their claims are barred by res judicata.[7] The County moved to dismiss the complaint under Rule 12(b)(6), arguing that Plaintiffs failed to plead facially plausible Section 1983 claims. The Court agrees with all Defendants.

## II. Legal Standards

Under Federal Rule of Civil Procedure 12(b)(6), the Court evaluates the pleadings by "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff."[8] To survive a motion to dismiss, Plaintiffs must allege enough facts "to state a claim to relief that is plausible on its face."[9] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[11] "[W]here the well-pleaded facts do not permit the court to infer more than the mere

---

[7] Doc. No. 10 at 1.

[8] *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007) (per curiam).

[9] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[11] *Id.* (cleaned up); *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").

4

possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[12]

## III. Analysis

The Court will first address the City's res judicata argument before proceeding to the DCSO's and the County's arguments for failure to state a claim.

### A. Res Judicata

The City alleges that res judicata bars Plaintiffs' claims because the claims in this case were already litigated in *Dobbins v. City of Dallas*.[13] In *Dobbins*, Yolanda Dobbins, along with Godinez and Nordyke, sued the City and County under 42 U.S.C. § 1983 for violations of their constitutional rights, including protections against unreasonable searches and seizures under the Fourth Amendment.[14] The amended complaint, filed on September 30, 2020, however, did not include the County, and the County was subsequently terminated as a party. The City filed a motion to dismiss for failure to state a claim on October 28, 2020. United States Magistrate Judge Horan issued findings, conclusions, and a recommendation of dismissal on June 24, 2021. On August 25, 2021, Judge Kinkeade accepted Judge Horan's recommendation and dismissed the case with prejudice.[15] After Judge Kinkeade issued a final

---

[12] *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. PROC. 8(a)(2)).

[13] 3:20-CV-1727-K, 2021 WL 3781927 (N.D. Tex. Aug. 25, 2021) (Kinkeade, J.), *appeal dismissed*, No. 21-10983, 2021 WL 7829760 (5th Cir. Dec. 16, 2021) (per curiam).

[14] Amended Complaint at 1, *Dobbins v. City of Dall.*, No. 3:20-CV-1727-K (N.D. Tex. Sept. 30, 2020), ECF No. 15.

[15] *Dobbins*, 2021 WL 3781927, at *1. Judge Kinkeade had various reasons for dismissal including (1) a failure to plausibly allege municipal liability because the plaintiffs failed to link the alleged constitutional violations to a formal policy or widespread practice and (2) a failure to allege facts that connected the policy to a final policymaker's approval. *Id.* at *3.

possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[12]

## III. Analysis

The Court will first address the City's res judicata argument before proceeding to the DCSO's and the County's arguments for failure to state a claim.

### A. Res Judicata

The City alleges that res judicata bars Plaintiffs' claims because the claims in this case were already litigated in *Dobbins v. City of Dallas*.[13] In *Dobbins*, Yolanda Dobbins, along with Godinez and Nordyke, sued the City and County under 42 U.S.C. § 1983 for violations of their constitutional rights, including protections against unreasonable searches and seizures under the Fourth Amendment.[14] The amended complaint, filed on September 30, 2020, however, did not include the County, and the County was subsequently terminated as a party. The City filed a motion to dismiss for failure to state a claim on October 28, 2020. United States Magistrate Judge Horan issued findings, conclusions, and a recommendation of dismissal on June 24, 2021. On August 25, 2021, Judge Kinkeade accepted Judge Horan's recommendation and dismissed the case with prejudice.[15] After Judge Kinkeade issued a final

---

[12] *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. PROC. 8(a)(2)).

[13] 3:20-CV-1727-K, 2021 WL 3781927 (N.D. Tex. Aug. 25, 2021) (Kinkeade, J.), *appeal dismissed*, No. 21-10983, 2021 WL 7829760 (5th Cir. Dec. 16, 2021) (per curiam).

[14] Amended Complaint at 1, *Dobbins v. City of Dall.*, No. 3:20-CV-1727-K (N.D. Tex. Sept. 30, 2020), ECF No. 15.

[15] *Dobbins*, 2021 WL 3781927, at *1. Judge Kinkeade had various reasons for dismissal including (1) a failure to plausibly allege municipal liability because the plaintiffs failed to link the alleged constitutional violations to a formal policy or widespread practice and (2) a failure to allege facts that connected the policy to a final policymaker's approval. *Id.* at *3.

judgment of dismissal with prejudice, the plaintiffs appealed to the Fifth Circuit, but the Fifth Circuit dismissed their appeal because they filed too late.[16]

Claim preclusion, or res judicata, bars the litigation of claims that have already been litigated or should have been litigated in an earlier suit.[17] Claim preclusion has four elements:

> (1) [T]he parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions.[18]

To determine whether both suits involve the same claim, the Fifth Circuit uses the transactional test.[19] The transactional test gives the preclusive effect of a prior judgment to "all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose."[20] Under the transactional test, the central analysis "is whether the two actions are based on the same nucleus of operative facts."[21]

The City focuses its argument on the fourth factor because the first three are uncontested. The City directs the Court to the factual similarities between *Dobbins* and this case. Just like *Dobbins*, the injuries in this case stem from the same protest involving many of the same alleged bad actors. Plaintiffs respond by saying that the

---

[16] *Dobbins,* 2021 WL 7829760, at *1.

[17] *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004).

[18] *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).

[19] *Id.*

[20] *Id.*

[21] *Id.* (cleaned up).

City failed to analyze whether the claims that they did not litigate in *Dobbins* "could or should have been brought in the earlier litigation."[22] Plaintiffs direct the Court to Fifth Circuit caselaw in which this idea arises, but they fail to do the analysis required by such precedent. Specifically, Plaintiffs do not engage in analysis that demonstrated their actual or imputed awareness of a real potential for claims against the City, nor do they analyze whether the court did not possess procedural mechanisms that would have allowed them to assert such claims.[23] Furthermore, Plaintiffs do not maintain that they are now aware of new facts or law that have arisen since *Dobbins*.

In its reply to the Plaintiffs, the City compares exact quotes from *Dobbins* pleadings to the pleadings here to demonstrate the similarities in facts, and it is compelling. The alleged, infringed rights in *Dobbins* are the same alleged, infringed rights here. The facts in *Dobbins* are the same as the facts here. For these reasons, Plaintiffs' claims against the City are barred by res judicata.

### B. The DCSO's Legal Existence

In three compelling paragraphs, the DCSO argues that it should be dismissed from the suit because "[a] plaintiff may not bring suit against a servient political agency or department unless that agency or department enjoys a separate and distinct legal existence."[24] The DCSO argues that it is a servient department of Dallas County lacking a separate and distinct legal existence. In doing so, it directs

---

[22] Doc. No. 24 at 15.

[23] *See In re Paige*, 610 F.3d 865, 873–74 (5th Cir. 2010).

[24] Doc. No. 10 at 2.

the Court to various cases, all within the Northern District of Texas, some even within this exact Court, that state directly that the DCSO is not a separate legal entity.[25] Additionally, Fifth Circuit precedent makes clear that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself."[26] Plaintiffs fail to overcome the law in their response—they cannot. Plaintiffs do not direct the Court to any statute that demonstrates how the DCSO exists as a separate legal entity from the County itself. The law is settled, and therefore, Plaintiffs cannot plausibly state a claim for relief against the DCSO. For this reason, the Court **DISMISSES** Plaintiff's claims against the DCSO.

### C. Failure to State a Claim

Both the County and the City argue that their motions should be granted because Plaintiffs failed to state a claim upon which relief can be granted. Res judicata bars Plaintiffs' claims against the City, but because the County was removed from the amended complaint for which the final judgment addressed, res judicata does not bar claims against the County. Therefore, the following analysis focuses on the deficiencies in Plaintiffs' pleadings as applied to specifically the County.[27] The

---

[25] *Coler v. Dall. Cnty. Sheriff's Dep't*, No. 3:14-CV-1819-B, 2014 WL 5013705, at *2 (N.D. Tex. Oct 7, 2014) (Boyle, J.) ("[t]he Dallas County Sheriff's Department is not a separate legal entity subject to suit and therefore is not a proper party in [a] case."); *Terry v. Detention Workers*, Civ. Action No. 3:21-CV-016-X-BH, 2021 WL 1725533, at *4 (N.D. Tex. Apr. 9, 2021) (Ramirez, M.J.) ("Dallas County Sheriff's Department is not a jural entity subject to suit."), *adopted by* 2021 WL 1720221 (N.D. Tex. Apr. 29, 2021) (Starr, J.)

[26] *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991).

[27] However, even if the Court's res judicata analysis were incorrect, the failure to state a claim analysis applies also to the City.

8

Court finds that Plaintiffs failed to state a claim, nonetheless, the Court will grant Plaintiffs twenty-eight (28) days to amend their pleadings to fix the deficiencies outlined below regarding the County.

### 1. Analysis of the County's Arguments

The County's arguments that Plaintiffs failed to state a claim upon which relief can be granted take multiple forms, but its argument can be summarized in the following way: Plaintiffs failed to plead sufficient facts to demonstrate that the officers' actions constitute a policy or custom of the County. The Court agrees. Instead of pointing to specific facts, like what did the sheriff do or who were the officers, Plaintiffs make broad allegations. The Court cannot make a reasonable inference of a constitutional deprivation from their broad pleadings.

*Monell v. Department of Social Services*, 436 U.S. 658 (1978), guides much of the Section 1983 process. *Monell* held that, through Section 1983, along with individual officers and officials, certain municipalities and local government units can be sued directly.[28] However, in suing a governmental entity, Plaintiffs need to demonstrate that an action taken pursuant to an official policy deprived Plaintiff of its federally protected right.[29] Among other things, the inquiry requires Plaintiffs to identify "(1) an official policy (or custom), of which (2) a policy maker can be charged

---

[28] *Monell v. Dep't. of Social Servs.*, 436 U.S. 658, 690 (1978).

[29] *Valle. v. City of Hous.*, 613 F.3d 536, 541 (5th Cir. 2010).

with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy (or custom)."[30]

With that in mind, the Court turns to the individual arguments presented by the County.

First, as a preliminary matter regarding the policymaker, the County explains that the final policymaker with respect to law enforcement and jail operations is the elected sheriff. Plaintiffs respond by stating that the DCSO, not the Sheriff herself, is the County's final policymaker. They are wrong, and their arguments gravely misrepresent Fifth Circuit holdings that unmistakably state, "[u]nder Texas law, sheriffs are 'final policymakers' in the area of law enforcement for the purposes of holding a county liable under § 1983."[31]

Second, the County argues that Plaintiffs failed to sufficiently plead the existence of an offending custom having the force of official County policy. An official policy is the second of three elements required to impose § 1983 municipal liability.[32] The County makes this argument in two ways: (1) that Plaintiffs failed to plead a facially plausible County Jail custom of depriving detainees of water and (2) that Plaintiffs failed to plead a facially plausible County Jail custom of depriving detainees of medical care. Plaintiffs do not attempt to allege the existence of a facially

---

[30] *Hutcheson v. Dall, Cnty.*, 994 F.3d 477, 482 (5th Cir. 2021) (cleaned up), *cert. denied*, 142 S. Ct. 564 (2021).

[31] *James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009) (quoting *Williams v. Kaufman Cnty.*, 352 F.3d 994, 1013 (5th Cir. 2003)).

[32] *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001) ("Under the decisions of the Supreme Court and this court, municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." (quoting *Monell*, 436 U.S. at 694)).

unconstitutional policy; instead, they allege that there was a persistent, widespread practice that was so common that it constituted a County custom. The law permits Plaintiffs to allege a widespread custom, but "[t]he description of [the] policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts."[33]

Plaintiffs respond with a straw man, stating that the County's motion erroneously demands that Plaintiffs must allege a formal written policy. The County demands no such thing.[34] The County's *actual* argument is simply that Plaintiffs did not plead sufficient facts about a custom. The Court agrees.

Plaintiffs must plead specific facts relating to an identifiable training policy, supervisory policy, disciplinary policy, or customary practice of the County that was constitutionally defective. Plaintiffs can correct this deficiency, but, as of now, their pleadings do not reach the necessary plausibility standard. For each of their alleged unconstitutional County Jail customs or policies, Plaintiffs must plead specific facts, and they do not.

The County's next two arguments involve Plaintiffs' failure to plead facts sufficient to permit an inference of (1) deliberate indifference by a final County policymaker or (2) legal causation. Here, in addition to rehashing the general pleading deficiencies expressed in its previous argument, the County adds that, to show "deliberate indifference," Plaintiffs need to plead facts that permit the Court to

---

[33] *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997).
[34] Doc. No. 19 at 15.

11

make a reasonable inference that the sheriff (1) was aware of facts from which an inference of substantial risk of serious harm could be drawn, (2) actually drew that inference, and (3) responded in a way that indicated that the sheriff subjectively intended that harm to occur. The County is correct. Plaintiffs must plead facts that allow the Court to make a reasonable inference of the Sheriff's deliberate indifference, and they did not. For example, Plaintiffs do not make allegations about how the Sheriff established the policy, maintained the policy, or was aware of constitutional deprivations.

In the same way, regarding causation, the County directs the Court to Fifth Circuit precedent that shows the "direct causal connection . . . between the policy and the alleged constitutional deprivation . . . . must be more than a mere 'but for' coupling between cause and effect."[35] Plaintiffs must plead facts that allow the Court to make a reasonable inference of causation. For example, the Plaintiffs do not provide any information demonstrating a policy within the County. Once the policy is established, Plaintiffs can attempt to make the connection between the policy and the alleged deprivation. However, Plaintiffs do not do this, and therefore, the Court cannot make a reasonable inference of causation.

At this point, the County begins to argue against two theories alleged by Plaintiffs. Under these theories, a detainee may prove a constitutional violation by demonstrating an unconstitutional condition of confinement or by demonstrating an

---

[35] *Fraire v. City of Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992).

unconstitutional episodic act or omission.[36] The County argues that Plaintiffs do not sufficiently plead a viable claim under either of these theories. The Court will address each theory in turn.

First, for a claim of an unconstitutional condition of confinement to be successful, a plaintiff must show: "(1) a rule or restriction or . . . an identifiable intended condition or practice . . . or that the jail official's acts or omissions were sufficiently extended or pervasive; (2) which was not reasonably related to a legitimate governmental objective; and (3) which caused the violation of the inmate's constitutional rights."[37]

Plaintiffs allege that the County infringed their constitutional rights by depriving them of water, denying them medical care, and exposing them to a known and unreasonable risk of contracting COVID-19. However, the County does not disagree that Plaintiffs' alleged facts show a deprivation of water; instead, it disagrees that deprivation of water during the booking process was a *de facto* policy. The Court agrees. Plaintiffs fail to plead that there were reports of other arrestees being denied water. Rightfully, the County asks how a policy or custom can be inferred from the facts if only a limited number of people suffered the injury. The same argument applies to the alleged denial of adequate medical care. The Court's inferential powers regarding pleadings only stretch so far, and currently, the Court cannot make a reasonable inference of an unconstitutional policy.

---

[36] *Cadena v. El Paso Cnty.*, 946 F.3d 717, 727 (5th Cir. 2020).

[37] *Id.* (cleaned up).

Secondly, similar to an unconstitutional condition of confinement, to establish liability for an unconstitutional episodic act or omission, a plaintiff must show "(1) that the municipal employee violated the pretrial detainee's clearly established constitutional rights with subjective deliberate indifference; and (2) that this violation resulted from a municipal policy or custom adopted and maintained with objective deliberate indifference."[38] Again, Plaintiffs fail to sufficiently plead this. Among the failures previously mentioned (failure to show a policy or custom, for example), Plaintiffs fail to plead the facts that support their claim. Specifically, they do not show how the jail personnel knew of health risks for Plaintiffs and disregarded them; they do not show a custom with the force of a policy to deny detainees water or provide medical care for serious needs; and they do not show how the sheriff maintained the policies with deliberate indifference.

Finally, the County argues that Plaintiffs do not sufficiently plead a viable claim under the "single exception" theory. In short, this theory says that "plaintiffs can hold municipalities liable for single instances of conduct perpetrated by the policymakers themselves[.]"[39] For the same reasons as above, Plaintiffs fail to make such a claim because they do not plead how the policymaker perpetrated illegal conduct. In this case, they would need to point to specific actions undertaken by the Sheriff to perpetrate illegal conduct.

---

[38] *Id.* (cleaned up).

[39] *Valle*, 613 F.3d at 542.

## IV. Conclusion

The Court **DISMISSES** all claims against the City because they are barred by res judicata, the Court **DISMISSES** all claims against the DCSO because it is not a separate and distinct legal entity, and the Court **GRANTS** the County's motion to dismiss for the reasons stated in the opinion. However, Plaintiffs have twenty-eight (28) days to amend their pleadings to fix the deficiencies outlined in this opinion in relation to the County. The plaintiffs may make no other changes.

**IT IS SO ORDERED** this 26th day of January, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE